# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| KAREN MORRIS, | |
|           Plaintiff, | 2:13–cv–1904–GMN–VCF |
| vs. | |
| | **REPORT & RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
|           Defendant. | |

This matter involves Plaintiff Karen Morris' appeal from Defendant Carolyn W. Colvin's final decision denying Morris' social security benefits. (Compl. (#3) at 2:2–24[1]). Before the court is Morris' motion for reversal and remand (#13). The Commission filed an opposition (#15); Morris did not reply. Also before the court is the Commissioner's unopposed cross-motion for affirmance (#14). For the reasons stated below, the court recommends denying Morris' motion and granting the Commissioner's motion.

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security

---

[1] Parenthetical citations refer to the court's docket and administrative record.

1

renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. The court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

Morris's appeal presents one question: whether the Commissioner applied the right legal standard and articulated sufficient reasons to find Morris' testimony regarding her subjective symptoms lacks credibility at step five. (See Pl.'s Mot. to Remand (#13) at 6:1–2). Before discussing this question, the court begins its analysis of Morris's appeal by reviewing the Commission's burden regarding claimants' credibility.

## I.     Discounting Claimants' Credibility under the Social Security Act

To qualify for benefits under the Social Security Act, the claimant must demonstrate his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). When making this determination, the Commissioner engages in a five step inquiry.

At step five—the only relevant step here—the Commissioner must prove that the claimant is capable of performing work that exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987). When making this determination, the ALJ considers, *inter alia*, the claimant's residual functional capacity, age, education, past work experience, and oral testimony. *Id*. If the Commissioner proves that suitable work exists, the claimant is given the chance to prove that she cannot, in fact, perform that work. *Id*.

If the Commissioner decides to discount the claimant's testimony regarding his or her subjective symptoms, the Commissioner must engage in a two-step analysis before finding the claimant's testimony lacks credibility. *See* SSR 96–7p; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted). The claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996); *see also Reddick v.*

*Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.").

Second, if the claimant meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each.").

SSR 88–13 lists a number of factors that may be considered when making a credibility finding. These factors are: (1) the nature, location, onset, duration, frequency, radiation, and intensity of any pain; (2) precipitating and aggravating factors (e.g., movement, activity, environmental conditions); (3) type, dosage, effectiveness, and adverse side-effects of any pain medication; (4) treatment, other than medication, for relief of pain; (5) functional restrictions; and (6) the claimant's daily activities. *See* SSR 88–13; *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991).

## II.  Whether the Commissioner Properly Discounted Morris's Testimony at Stage Two

Morris argues that the ALJ erred in concluding that she is not disabled because the ALJ "failed to articulate specific and legitimate reason [sic]" in finding her testimony lacks credibility. (Pl.'s Mot. to Remand (#13) at 5:1–2, 14–15). The court disagrees. As discussed below, the ALJ applied the two-step procedure that is required to discount a claimant's testimony. Additionally, the ALJ identified _____ clear and convincing reasons for finding that Morris's testimony lacks credibility.

The ALJ correctly applied the two-step procedure. (*See* Admin. Rec. at 22). First, the ALJ identified an underlying medically determinable impairment: Morris's neck, shoulder, hip, and lower

4

back pain, which Morris described as unpredictable, constant, burning, aching, and throbbing. (*Id.*) Second, the ALJ evaluated the intensity, persistence, and limiting effects of Morris's symptoms. (*Id.* at 23). In doing so, the ALJ identified several reasons for discrediting Morris's testimony. (*Id.* at 23–24). These included the facts that: (1) Morris chose not to work from 1997 through 2003, which is five years before the alleged onset date of her disability; (2) Morris' gait was within normal limits; (3) Morris does not use any assistive walking devices; (4) Morris' spinal forward flexion is within normal limits; (5) flexion and extension of her upper back (i.e., thoracic spine) is painless; (6) treatment notes regarding her right shoulder demonstrated that Morris was "doing well" after surgery; and (7) Morris produced negative results for the straight leg raising tests and Patrick's test. (*Id.* at 23). The ALJ stated additional reasons, which the court finds unnecessary to state here. (*See id.*)

Morris argues that the ALJ erred because "the regulations specifically prohibit rejecting subjective pain testimony solely on the basis of objective medical evidence." (Pl.'s Mot. to Remand (#11) at 10:12–13). As discussed above, the ALJ did not reject Morris's testimony on that basis alone. Therefore, no error occurred.

Morris further argues that "[t]he medical record confirms Ms. Morris' various conditions." (*Id.* at 9:11). To support this claim Morris reviews her entire medical history and attempts to reweigh the evidence in her favor. (*See, e.g.*, id. at 13:9–16). As discussed above, under the "substantial evidence" standard, it is not the court's role to reweigh evidence or determine the truth. The Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co.*, 305 U.S. at 197. If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch*, 400 F.3d at 679. As a result, this argument fails as a matter of law.

Morris's motion to remand challenges the Commissioner's decision on one ground: that the ALJ erred in concluding that she is not disabled because the ALJ "failed to articulate specific and legitimate reason [sic]" in finding her testimony lacks credibility. (Pl.'s Mot. to Remand (#13) at 5:1–2, 14–15). As demonstrated above, the Commissioner did in fact conduct the mandated two step analysis. This does not mean that the court accepts every reason that the ALJ identified as persuasive or free of legal error. For instance, Morris correctly argues that the ALJ erred by discounting her testimony in light of her residual functional capacity. (*Id*. at 13:20–25) (citing *Bjornson v. Astrue*, 671 F.3d 640, 644–45 (7th Cir. 2012). Nonetheless, this error is harmless in light of the additional reasons cited by the ALJ. Therefore, the court recommends denying Morris's motion to remand.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff Karen Morris' Motion for Reversal (#13) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's cross motion to affirm (#14) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 24th day of March, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE