# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KAREN B. MORRIS, ) | |
| ) | Case No.: 2:13-cv-01904-GMN-VCF |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court for consideration is the Motion to Remand (ECF No. 13) filed by Plaintiff Karen B. Morris ("Plaintiff") and the Cross-Motion to Affirm (ECF No. 14) filed by Defendant Carolyn W. Colvin ("Defendant"). These motions were referred to the Honorable Cam Ferenbach, United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636 (b)(1)(B) and (C). On March 25, 2014, Judge Ferenbach entered the Report and Recommendation (ECF No. 17), recommending Plaintiff's Motion to Remand be denied and Defendant's Cross-Motion to Affirm be granted. Plaintiff filed her Objection to the Report and Recommendation (ECF No. 18) on April 4, 2014. Defendant filed her Response to the Objection (ECF No. 19) on April 17, 2014.

## I.     BACKGROUND

Pursuant to Title II of the Social Security Act, Plaintiff applied for disability insurance benefits on November 2, 2010, alleging a period of disability beginning on October 21, 2008 due to spinal injury, shoulder surgery, and head trauma. (Administrative Record ("A.R.") 113–24, 130). Plaintiff's II application was denied, and following a hearing on April 26, 2012, an Administrative Law Judge ("ALJ") issued a decision on May 15, 2012 denying Plaintiff's claim

for benefits. (*Id.* 16–29).

At the hearing on April 26, 2012, the ALJ applied the five-step sequential evaluation process established by the Social Security Administration to determine whether Plaintiff was disabled.[1] (*Id.* 19–26). In assessing Plaintiff's residual functional capacity ("RFC") at the beginning of step four of the analysis, the ALJ determined that Plaintiff's testimony about her disability was not credible. (*Id.* 22–24). Based in part on this finding on credibility, at step five of the analysis, the ALJ determined that there were a significant number of alternate occupations that Plaintiff could hold existing in the national economy, and, therefore, Plaintiff was not disabled. (*Id.* 24–25).

Following the ALJ's decision, Plaintiff filed a Request for Review, which was denied by the Appeals Council on August 5, 2013. (A.R. 11). Subsequently, on October 28, 2013, Plaintiff filed her Complaint (ECF No. 3) before this Court seeking a reversal of the ALJ's decision.

## II. <u>LEGAL STANDARD</u>

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report and Recommendation to which objections are

---

[1] The five-step sequential evaluation procedure, during which a finding at any step that a claimant is disabled or not disabled concludes the assessment, is as follows: Under the first step, the Secretary determines whether a claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If so, the claimant is not considered disabled. *Id*. § 404.1520(b). Second, the Secretary determines whether the claimant's impairment is severe. *Id.* § 416.920(c). If the impairment is not severe, the claimant is not considered disabled. *Id*. § 404.152(c). Third, the claimant's impairment is compared to the "List of Impairments" found at 20 C.F.R. § 404, Subpt. P, App. 1. The claimant will be found disabled if the claimant's impairment meets or equals a listed impairment. *Id.* § 404.1520(d). If a listed impairment is not met or equaled, the fourth inquiry is whether the claimant can perform past relevant work. *Id.* § 416.920(e). If the claimant can engage in past relevant work, then the claimant is not disabled. *Id.* § 404.1520(e). If the claimant cannot perform past relevant work, but the Secretary demonstrates that the claimant is able to perform other kinds of work, the claimant is not disabled. *Id.* § 404.1520(f). Otherwise, the claimant is entitled to disability benefits. *Id.* § 404.1520(a).

made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

A federal court's review of an ALJ's decision on social security disability is limited to determining only (1) whether the ALJ's findings were supported by substantial evidence and (2) whether the ALJ applied the proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Delorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009), quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

### III.   DISCUSSION

The sole argument Plaintiff raises in her Motion to Remand is that the ALJ failed to apply the correct legal standard and articulate a specific, clear, and convincing reason for rejecting Plaintiff's testimony. (Mot. to Remand 5:14-20:5).

Determining the credibility of a claimant's testimony about subjective symptoms is a two-step process. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). "Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.* (quoting *Smolen*, 80 F.3d at 1281).

In the Report and Recommendation, Judge Ferenbach found that the ALJ correctly applied the two-step process for assessing a claimant's credibility. (Report and Recommendation 4:23-5:15, ECF No. 17). Judge Ferenbach noted that the ALJ first determined that Plaintiff had presented objective medical evidence of an underlying impairment to her neck, shoulder, hip, and

lower back. (*Id.* 4:23-5:1).  At step two, however, the ALJ identified several reasons for discrediting Plaintiff's testimony about the severity of her symptoms, including: (1) Plaintiff did not work from 1997 through 2003, which is five years before the alleged onset date of her disability; (2) Plaintiff's gait was within normal limits; (3) Plaintiff did not use any assistive walking devices; (4) Plaintiff's spinal forward flexion was within normal limits; (5) flexion and extension of her upper back (i.e., thoracic spine) was painless; (6) treatment notes regarding her right shoulder demonstrated that Plaintiff was "doing well" after surgery; and (7) Plaintiff produced negative results in straight leg raising tests. (*Id.* 5:2-9).  Judge Ferenbach, therefore, concluded that the ALJ provided specific, clear and convincing reasons for rejecting Plaintiff's testimony. (*Id.* 6:3-7).

In her Objection, Plaintiff argues that the reasons the ALJ discredited Plaintiff's testimony cited by Judge Ferenbach are not specific, clear, and convincing, and, consequentially, are insufficient to meet the second part of the test in *Lingenfelter*. (Objection 5:11-7:13, ECF No. 18).  In support of this position, Plaintiff cites to various medical evidence in the record that supports her testimony and seeks to discount some of the evidence relied upon by the ALJ. (*Id.* 5:11-19, 6:15-7:22).

In essence, Plaintiff is asking the Court to reweigh the evidence in order to reverse the ALJ's finding.  However, the role of this Court on review is not to reweigh the evidence and arrive at an independent conclusion, but to determine whether the ALJ's findings were supported by substantial evidence and based on the proper legal standard. *Smolen*, 80 F.3d at 1279; *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").  Having reviewed the record, the Court agrees with the recommendation of Judge Ferenbach and finds that the ALJ's determination regarding Plaintiff's credibility applied the proper legal standard and was supported by substantial evidence.  Accordingly, Plaintiff's Objection is without merit.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 17) is **ACCEPTED and ADOPTED in full** to the extent it is consistent with this opinion.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (ECF 13) is **DENIED** and Defendant's Cross-Motion to Affirm (ECF No. 14) is **GRANTED**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this 6th day of October, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court